IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:18-CV-164-KS

| | |
|---|---|
| ERIC EDWARD BLAIR,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>ANDREW M. SAUL, Commissioner   )<br>of Social Security Administration,   )<br>   )<br>   Defendant.   )  | **ORDER** |

This matter is before the court on Defendant's motion to stay this action pending the Fourth Circuit's decisions in *Bradshaw v. Berryhill*, No. 19-1531 (4th Cir. filed May 17, 2019), and *Probst v. Berryhill*, No. 19-1529 (4th Cir. filed May 17, 2019). Defendant having informed the court that Plaintiff does not object to a stay, the court considers the matter prior to expiration of Plaintiff's response time.

Federal district courts have broad discretion to stay their proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Matherly v. Gonzales*, No. 5:11-CT-3020-BR, 2013 WL 393335, at *2 (E.D.N.C. Jan. 31, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Whether to grant or deny a motion to stay proceedings calls for an exercise of judgment in weighing the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *Id.*

This is an action for judicial review of the Commissioner's decision denying Plaintiff's claim for social security benefits. Among other things, Plaintiff challenges the authority of the administrative law judge on the ground that his appointment did not comply with the Appointments Clause of article II, section 2 of the United States Constitution. Relying on the Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), Plaintiff contends that the agency's final decision is ultra vires and this matter must be remanded for a new administrative hearing before a properly appointed administrative law judge. Defendant urges the court to reject Plaintiff's assignment of error as untimely because it was not raised in the administrative proceedings below.

There is currently a split among the courts as to whether a social security claimant waives his Appointments Clause challenge by failing to raise it in the administrative proceedings. This issue is presently before the Fourth Circuit on the Commissioner's appeal in *Bradshaw v. Berryhill*, No. 19-1531 and *Probst v. Berryhill*, No. 19-1529, which have been consolidated on appeal. For good cause shown and there being no objection from Plaintiff, the court hereby determines that this action should be stayed pending the Fourth Circuit's decision in *Bradshaw v. Berryhill*, No. 19-1531 and *Probst v. Berryhill*, No. 19-1529.

Accordingly, Defendant's motion to stay [DE #38] is GRANTED and this action is STAYED pending further order of this court in light of the appeals pending before the Fourth Circuit in *Bradshaw v. Berryhill*, No. 19-1531 and *Probst v. Berryhill*, No. 19-1529. The parties shall promptly inform the court of the Fourth Circuit's issuance

of the mandate pursuant to Fed. R. App. P. 41 following its decision in *Bradshaw v. Berryhill*, No. 19-1531 and *Probst v. Berryhill*, No. 19-1529. The parties shall further file a joint notice informing the court of the status of the appeals on or about November 1, 2019, and every three months thereafter until such time as the court lifts the stay in this action.

The Clerk of Court is further directed to CANCEL the oral argument hearing scheduled for June 24, 2019.

This 19th day of June 2019.

                                                KIMBERLY A. SWANK
                                                United States Magistrate Judge